# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-00227-CG-B |
| | ) |
| C&M CONSTRUCTION COMPANY, | ) |
| LLC, d/b/a ABSOLUTE STORAGE & | ) |
| TRUCK EQUIPMENT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the court on the plaintiff Colony Insurance Company's ("Colony") motion for summary judgment (Doc. 45), the responses of the defendants, (Docs. 59, 60, 62), and Colony's reply (Doc. 68). For the reasons stated below, Colony's motion for summary judgment is granted.

## FACTUAL BACKGROUND

This case arises out of a wrongful death action filed in Baldwin County, Alabama (the "Turner Action"). (Doc. 45 Ex. B, C, D). The complaint in the Turner Action alleges that on June 13, 2012, Patrick Pierce and Alexander Dees, two 18-year-olds hired by Absolute Storage and defendant Kerry Dees to transport vehicles from Pensacola, Florida, to Craft's car dealership in Hattiesburg, Mississippi, caused a car accident that resulted in the death of Kenric Isiah Turner, a member of a work-release crew cleaning up trash alongside the roadway. Id.

On April 19, 2013, Colony commenced this action seeking a determination of

its rights and obligations under Garage Policy No. GP8060360 issued by Colony to Absolute Storage for the period of September 28, 2011, to September 28, 2012. (Doc. 1; Doc. 45 Ex. A).

Absolute Storage procured the policy through Thomas, Harrison & Associates Insurance Agency ("TH&A"), which is an independent retail insurance agency located in Fairhope, Alabama. (Doc. 58 Ex. E, ¶ 4). Toni Davison ("Davison") is the independent retail agent who assisted Absolute Storage's co-owner, Josh Bailey ("Bailey") in procuring the policy. Id. TH&A and Davison are not authorized agents, sub-agents, brokers or other representatives for Colony. Id. Neither TH&A nor Davison have any active agent or producer appointments with Colony or any of Colony's affiliates, subsidiaries or parent companies. (Doc. 68 Ex. A). Davison collected information concerning the coverage desired by Absolute Storage and forwarded it to Southern Cross Underwriters, Colony's producer for the policy. (Doc. 1 Ex. A). There was never any direct communication between Colony and Davison, and Colony did not have any right of control over Davison's business dealings.

Under the insurance agreement, Colony agreed to pay for all bodily injury or property damage caused by an accident resulting from "garage operations" involving the ownership, maintenance or use of the covered vehicles. (Doc. 45 Ex. A). The policy also contains a merger clause and a Youthful Driver Exclusion.[1] The Youthful

---

[1] The merger clause states that:

> This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy without consent. This policy's terms can be amended or waived only by endorsement issued by us

2

Driver Exclusion precludes coverage for any "'bodily injury,' 'property damage' or 'loss' while anyone under the age of twenty-one (21) is operating a covered 'auto' at any time." (Doc. 45 Ex. A).[2] However, the exclusion does not apply "to persons named in the Schedule of Youthful Drivers nor to a prospective purchaser while on a test-drive accompanied by you or your employee." Id. Neither Patrick Pierce nor Alexander Dees are listed in the Schedule of Youthful Drivers. Id.

On December 12, 2013, Colony filed a motion for summary judgment arguing that it has no duty to defend against the complaint because the policy does not afford coverage for the damages asserted in the Turner Action. (Doc. 45). Specifically, Colony argues that the Youthful Driver Exclusion contained in the policy negates coverage of the drivers of the subject vehicles. Id. In response, the defendants argue that there are issues of material fact in dispute regarding whether Colony should be estopped from denying coverage due to alleged representations about the extent of the policy made by Davison to Bailey at the time Bailey procured the insurance agreement on Absolute Storage's behalf.[3] Bailey alleges that he expressed that he wanted coverage for all individuals possessing a valid driver's license, regardless of age, placed inside a vehicle under the care and

---

and made a part of this policy.

See Doc. 1 Ex. A.

[2] It is undisputed that the vehicles involved in the accident are considered "covered autos" within the scope of the insurance agreement. See Doc. 30 ¶ 26; Doc. 32 ¶ 26; Doc. 37.

[3] In their response to Colony's motion for summary judgment, the defendants also requested time for additional discovery pursuant to Federal Rule of Civil Procedure 56(d). The court denied that request on February 12, 2014. (Doc. 69).

3

control of Absolute Storage, and based on assurances from Davison that he had procured such coverage, he believed the policy covered accidents such as the one at issue. (Doc. 58-5 ¶¶ 4, 5). The defendants contend that Davison's assurances also led Bailey to believe that he had either a twenty-four or forty-eight hour grace period to add drivers to the Schedule of Drivers contained within the Garage Coverage portion of the policy once a non-scheduled driver was placed in a covered vehicle. (Doc. 58-5 ¶ 6).

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250 (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a

4

jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Hinesville Bank v. Pony Exp. Courier Corp., 868 F.2d 1532, 1535 (11th Cir. 1989) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(a), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response...must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." Vega v. Invsco Group, Ltd., 2011 WL 2533755, *2 (11th Cir. 2011). "A mere

5

'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation and citation omitted).

## LEGAL ANALYSIS

"[I]nsurance companies have the right to limit their liability and write policies with narrow coverage." Johnson v. Allstate Ins. Co., 505 So. 2d 362, 365 (Ala. 1987). "If there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties." Id. Where the terms of the agreement are clear and unambiguous, the terms of that agreement may not be altered by parole evidence. Gardner v. State Farm Mut. Auto. Ins. Co., 822 So. 2d 1201, 1208-09 (Ala. Civ. App. 2001). The doctrine of estoppel "is not available to bring within the coverage of a policy risks not covered by its terms or risks expressly excluded therefrom." Home Indemnity Co. v. Reed Equipment Co., 381 So. 2d 45, 50-51 (Ala. 1980); see also Johnson v. Allstate Ins. Co., 505 So. 2d 362, 365; McGee v. Guardian Life Insurance Co., 472 So. 2d 993, 995-96 (Ala. 1985); Woodall

6

v. Alfa Mut. Ins. Co., 658 So. 2d 369, 372 (Ala. 1995). "If a coverage provision or an exclusion is unambiguous, it is not subject to waiver or estoppel." Woodall, 658 So. 2d at 372 (citing Henson v. Celtic Life Insurance Co., 621 So. 2d 1268, 1276 (Ala. 1993)).

The defendants appear to concede that the Youthful Driver Exclusion bars coverage on its face, as their opposition briefs raise no substantive arguments to contest its applicability to the facts of the Turner Action. Rather, the defendants' estoppel argument is based on the theory of agency. They argue that the alleged representations made by Davison to Bailey are attributed to Colony because Davison was acting as Colony's agent when Bailey procured the policy. After reviewing the cases cited by the parties, however, it appears that this type of estoppel defense only applies in the situation where the defendants in the underlying action assert a claim of fraud against the insurer. See Gulf Gate Management Corp. v. St. Paul Surplus Lines Ins. Co., 646 So. 2d 654 (Ala. 1994); Broadus v. Essex Ins. Co., 621 So. 2d 258 (Ala. 1993); Woodall, 658 So. 2d 372; Johnson, 505 So. 2d 362. There is no claim of fraud asserted in the instant case. Moreover, even assuming for the purpose of the argument that the defendants' allegations could be construed as a claim of fraud, the defendants' argument would still fail because there is no evidence Colony authorized Davison to expand the coverage of the policy beyond the scope of the original agreement. Gulf Gate Management Corp., 646 So .2d at 659 ("Liability cannot be imputed to the insurer for an independent agent's negligence unless the insurer conferred actual or

7

apparent authority upon the agent to make representations on the insurer's behalf.").

Neither TH&A nor Davison have any active agent or producer appointments with Colony or any of its affiliates, subsidiaries or parent companies. The defendants do not allege that Colony and Davison directly communicated with each other or that Colony had any right of control over Davison. Rather, the facts show that Davison acted as Absolute Storage's agent, collected information from Absolute Storage as to the coverage desired and forwarded that information to Colony's producer, Southern Cross Underwriters. Since an agent's apparent authority is based on the conduct of the principal and not the agent, and Colony engaged in no conduct that gave the impression of Davison's authority, Colony is not liable for Davison's alleged representations.

Because the policy is not ambiguous, no estoppel argument is available to extend the policy to risks not covered, and the court will not interpret the policy to provide coverage that was not intended. Furthermore, even absent this finding, the Youthful Driver Exclusion would still apply because the policy contains a merger clause that integrates all agreements between Absolute Storage and Colony concerning the insurance afforded into the final executed policy. <u>Infiniti of Mobile, Inc. v. Office</u>, 727 So. 2d 42, 46 (Ala. 1999). Courts have consistently held that merger clauses are enforceable and preclude variance of the written policy terms by a prior oral agreement. <u>See</u> <u>American & Foreign Ins. Co. v. Tee Jays Mfg. Co.</u>, 699 So. 2d 1226, 1229 (Ala. 1997) (finding that a merger clause "is a contractual

mandate that the 'parol evidence rule' and the doctrine of 'merger' apply"). Considering the effect of the merger clause as well as the clear and unambiguous terms of the policy, the court is not persuaded by the defendants' claims that the agreement was altered by any alleged representations made to Bailey at the time he procured the insurance agreement.

The Youthful Driver Exclusion precludes coverage for "bodily injury," "property damage" or "loss" while anyone under the age of twenty-one is operating a covered vehicle. Pierce and Alexander Dees were under the age of twenty-one while operating the covered vehicles that caused the accident injuring Turner. The court therefore finds that Colony is not obligated to defend or indemnify the defendants in the underlying action.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, the court finds that Colony's motion for summary judgment (Doc. 45) is **GRANTED.**

**DONE** and **ORDERED** this 17th day of March, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE